# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LOUIS LEVIN,

      Plaintiff,                 :        Case No. 3:09-cv-287

                                        District Judge Walter Herbert Rice
   -vs-                                Magistrate Judge Michael R. Merz

                               :

BARRY KAYE & ASSOCIATES,
 INC., et al.,

      Defendants.

## DECISION AND ORDER

       This case is before the Court on Motion of Defendants Barry Kaye & Associates, Howard Kaye Insurance Agency, and Howard Kaye (the "Kaye Defendants")(Doc. No. 45) to Stay Briefing on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 40).  Defendant Edward Zuckerman has filed a parallel Motion  (Doc. No. 47).  Plaintiff opposes an extension for additional discovery, but does not oppose a brief writing extension (Doc. No. 48).

       The Kaye Defendants claim they cannot respond to the summary judgment motion without discovery, asserting they have received no documents despite a request "almost three months ago" (i.e. February 28, 2011) and "have not been afforded an opportunity to depose Plaintiff's witnesses." (Motion, Doc. No. 45, PageID 365).  The Kaye Defendants also claim they served subpoenas on January 27, 2011, on three persons related to Plaintiff and have received no responsive documents. They claim the summary judgment motion is dependent on subjective statements by Mr. Levin whom they have not had a chance to cross-examine and conversations between him and Mr. Zuckerman, who also has not been deposed.

1

Mr. Zuckerman raises the same issues.  Indeed, his Motion shows plain evidence of having been cut and pasted from the Kaye Defendants Motion (See Doc. No. 47).

Plaintiff responds by

1. Admitting that he has produced no documents responsive to the Kaye Defendants' document request, but promising to do so no later than June 7, 2011;

2. Advising, apparently for the first time, that there are no documents responsive to the subpoenas to Mr. Levin's relatives;

3. Complaining that neither Mr. Levin's nor Mr. Zuckerman's deposition has ever been requested or noticed;

4. Advising that all the parties have been very cooperative with one another, but that "additional extensions of discovery deadlines, expert disclosure, etc. will probably be required; and

5. Arguing that the summary judgment motion raises only legal questions.

This case was filed July 28, 2009, nearly two years ago.  Within six weeks the parties filed a Fed. R. Civ. P. 26(f) Report (Doc. No. 8) which asked the Court to allow approximately one year for discovery.  *Id.*  ¶ 5j.  Judge Rice accepted that suggestion, but then Plaintiff added parties at the end of 2009 and on November 1, 2010, Judge Rice re-set the discovery cut-off to April 26, 2011 (Doc. No. 32).  Then at the end of 2010, he re-set the dates again at the request of the parties, with fact discovery being due to be completed as of July 6, 2011 (Doc. No. 34).  Now the Court is advised that discovery has only just commenced.

Upon examination of the motion for summary judgment, the Court finds it is heavily dependent on oral communications between Mr. Levin and Mr. Zuckerman such that it would be

2

unfair to the Kaye Defendants to require them to respond to the Motion without those depositions. At the same time, there is a month left until the discovery cut-off during which it should be possible to accomplish those depositions.

Accordingly, it is hereby ORDERED that the deposition of Louis Levin be conducted at the offices of his counsel in Dayton, Ohio, commencing at 9:30 A.M. on Monday, June 20, 2011, before a court reporter whose attendance shall be arranged by the Kaye Defendants.  It is further ORDERED that the deposition of Edward Zuckerman be conducted at his residence in Fort Lauderdale, Florida, commencing at 9:30 A.M. on Monday, June 27, 2011.  The time within which the Kaye Defendants and Mr. Zuckerman shall respond to Plaintiff's Motion for Summary Judgment is extended to and including July 15, 2011.

The dates set in this Order cannot be amended except by the Court.  Failure to proceed with discovery as ordered herein is subject to sanctions, including possible dismissal for failure to prosecute or provide discovery.

June 6, 2011.

                                                 s/ **Michael R. Merz**
                                                 United States Magistrate Judge